Filed 9/30/22 Williams v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| KYLE WILLIAMS, | |
| Petitioner, | E078694 |
| v. | (Super.Ct.No. CIVDS2017161) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| CITY OF CHINO, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for extraordinary writ. John M. Pacheco, Judge. Petition granted.

Kassouni Law and Timothy V. Kassouni for Petitioner.

No appearance for Respondent.

Aleshire & Wynder, G. Ross Trindle III and Priscilla George for Real Party in Interest.

In 2018, real party in interest the City of Chino (the city) sued Loring Winn Williams and Sherlyn K. Williams,[1] as trustees of the Loring Winn Williams and Sherlyn K. Williams Family Trust dated February 29, 2000, alleging causes of action for nuisance and other claims related to real property the defendants owned in Chino. The Honorable Khymberli S.Y. Apaloo of the San Bernardino County Superior Court was assigned to the case for all purposes. Two years later, Sherlyn, Loring, and their son, Kyle (petitioner) sued the city for false imprisonment, violation of their civil rights, and inverse condemnation arising from the execution of an inspection warrant on the property by employees of the city. This lawsuit was assigned to Honorable Brian S. McCarville for all purposes.

In December 2021, the city moved to consolidate the two lawsuits. Sherlyn and Loring filed a written opposition to the motion in the first lawsuit, but petitioner did not join in the opposition or file his own in either case. On February 3, 2022, Judge Apaloo granted the city's motion and consolidated the two lawsuits to be heard in her department. Fourteen days later, petitioner filed a peremptory challenge pursuant to Code of Civil Procedure section 170.6,[2] stating he believed Judge Apaloo was biased against him and that he would not receive a fair and impartial hearing. On February 24,

---

[1] Because Sherlyn and Loring share the same surname, for clarity we will refer to them by their first names. We mean no disrespect.

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2022, the Honorable John M. Pacheco denied petitioner's peremptory challenge as untimely.

Petitioner filed a petition for a writ of mandate in this court challenging the denial of his peremptory challenge as untimely. We stayed the proceedings in the trial court and issued an order to show cause as to why we should not grant the relief petitioner seeks. Having received the city's response to the petition and petitioner's reply, we now conclude the trial court abused its discretion by denying, as untimely, the peremptory challenge, and we grant the petition.

Petitioner was not a party to the first lawsuit and made no appearance in that action. (*City of Chino v. Williams*, *as Trustees*, *etc.*, *et al.*, (Super. Ct. San Bernardino County, Oct. 24, 2018, No. CIVDS1827623.) Therefore, the time for him to file a peremptory challenge began to run when he received notice that Judge Apaloo had been assigned to preside over the second lawsuit for all purposes. (*Williams et al. v. City of Chino et al.* (Super. Ct. San Bernardino County, Aug. 7, 2020, No. CIVDS2017161.) Because petitioner filed his peremptory challenge less than 14 days after Judge Apaloo granted the city's motion to consolidate the two lawsuits, his challenge was timely filed. As explained further *post*, we reject the city's suggestion that the time to file was triggered earlier when it moved to consolidate the two lawsuits.

## I.

## PROCEDURAL BACKGROUND

On October 24, 2018, the city filed a complaint for declaratory and injunctive relief against Loring and Sherlyn and alleged causes of action for public nuisance, public

3

nuisance per se, and violation of the state housing law (Health & Saf. Code, § 17910 et seq.). (*City of Chino v. Williams*, *as Trustees*, *etc.*, *et al.*, *supra*, No. CIVDS1827623.) This first lawsuit was originally assigned to the Honorable Keith D. Davis for all purposes, but it was later reassigned to Judge Apaloo. (The record does not reflect when the lawsuit was reassigned.)

On August 7, 2020, Sherlyn, Loring, and petitioner filed a complaint against the city alleging causes of action for false imprisonment, violation of constitutional and statutory rights (Civ. Code, § 52.1), and for inverse condemnation. (*Williams et al. v. City of Chino et al.*, *supra*, No. CIVDS2017161.) This second lawsuit was assigned to Judge McCarville for all purposes.

On or about December 8, 2021, the city moved to consolidate the first and second lawsuits; the motion was filed in both cases and served on all parties. On January 21, 2022, Loring and Sherlyn filed an opposition to the motion in the first lawsuit. Petitioner did not join in that opposition or file his own in either lawsuit.

In a written order filed February 3, 2022, Judge Apaloo granted the city's motion and consolidated the two lawsuits with case No. CIVDS1827623 designated the lead case.

On February 17, 2022, petitioner filed and served a peremptory challenge pursuant to section 170.6, stating he believed Judge Apaloo was biased against him and he could not receive a fair and impartial trial or hearing.

In a minute order dated February 24, 2022, Judge Pacheco ruled petitioner's peremptory challenge was "untimely," and the two lawsuits would remain consolidated and assigned to Judge Apaloo.

Petitioner filed the instant petition in this court on March 16, 2022. We invited a response to the petition on March 25 and issued a stay of proceedings in the trial court. The city filed its response on April 14, and on April 26 we issued an order to show cause why relief should not be granted.

## II.

## DISCUSSION

### A.     *Standard of Review and Applicable Law.*

Denial of peremptory challenge under section 170.6 is not an appealable order and may only be challenged by petition for writ of mandate in the Court of Appeal. (§ 170.3, subd. (d).) "An order granting or denying a motion to disqualify is normally reviewed for an abuse of discretion. [Citations.] However, it is settled that a trial court lacks discretion to deny a section 170.6 motion that complies with the applicable statutory procedures." (*Prescription Opioid Cases* (2020) 57 Cal.App.5th 1039, 1046.) A trial court abuses its discretion when it erroneously denies a peremptory challenge as untimely. (*Daniel V. v. Superior Court* (2006) 139 Cal.App.4th 28, 39.) "'Because the trial court exercises no discretion when considering a section 170.6 motion, it is "appropriate to review a decision granting or denying a peremptory challenge under section 170.6 as an error of law."'" (*Prescription Opioid Cases*, at p. 1046.)

5

"Generally, a section 170.6 challenge is permitted any time before the commencement of a trial or hearing. There are, however, three exceptions to the general rule: the all-purpose assignment rule, the 10-day/5-day rule, and the master calendar rule. [Citation.] For any given factual scenario, a court must determine whether any of the exceptions apply, or whether the general rule applies. [Citation.] ""'As a remedial statute, section 170.6 is to be liberally construed in favor of allowing a peremptory challenge, and a challenge should be denied only if the statute absolutely forbids it.'"'" (*Entente Design, Inc. v. Superior Court* (2013) 214 Cal.App.4th 385, 389-390.)

The five-day rule provides: "If the judge, other than a judge assigned to the case for all purposes, court commissioner, or referee assigned to, or who is scheduled to try, the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motions hall be made at least 5 days before that date." (§ 170.6, subd. (a)(2).) And in civil cases, the all purposes assignment rule provides: "If directed to the trial of a civil cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 15 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 15 days after the appearance." (*Ibid.*) Neither party to this proceeding contends the master calendar rule applies, so we will not discuss it.

B.    *The Peremptory Challenge Was Timely Under the All-purposes Assignment Rule.*

We agree with petitioner that the February 3, 2022 consolidation order had the effect of assigning the second lawsuit to Judge Apaloo's department for all purposes and

6

triggered the 15 days within which to file a peremptory challenge. Because he had not made an appearance in the *first* lawsuit, petitioner's February 17, 2022 peremptory challenge was timely because he filed it 14 days after Judge Apaloo's order.[3] To avoid this result, the city argues the triggering event was not the consolidation order, but rather it was the city's December 8, 2021 notice of motion to consolidate the two cases. Relying exclusively on *Sunrise Financial, LLC v. Superior Court* (2019) 32 Cal.App.5th 114 (*Sunrise Financial*), the city argues, as of the date it moved to consolidate the two lawsuits, petitioner was placed on notice that the second lawsuit might be assigned to Judge Apaloo for all purposes, thus triggering the 15 days in which petitioner had to file his peremptory challenge.

*Sunrise Financial*, *supra*, 32 Cal.App.5th 114, is easily distinguishable. There, the plaintiff moved to transfer and consolidate lawsuits it had filed in the San Diego, Los Angeles, and San Bernardino County Superior Courts. Some of the defendants in the San Bernardino lawsuit, who were not yet named defendants in the San Diego action, filed written oppositions to the motion in the San Diego case. Six days after the judge in the San Diego lawsuit granted the motion, the defendants filed a peremptory challenge to him. (*Sunrise Financial*, at pp. 119-122.) The judge denied the peremptory challenge as untimely. (*Id.* at p. 122.)

---

[3] Petitioner also argues that *if* the city were to claim the second lawsuit is merely a continuation of the first and that a peremptory challenge could not be filed in the second lawsuit (see *Birts v. Superior Court* (2018) 22 Cal.App.5th 53, 58), such a claim would fail. The city made no such assertion in its response to the petition.

The Court of Appeal agreed with the defendants' assertion that, because they were not yet defendants in the San Diego lawsuit when the judge was originally assigned to that case for all purposes, they were not required to file their peremptory challenge "within 15 days after notice of the all purpose assignment." (§ 170.6, subd. (a)(2).) "[T]hey obviously had no obligation to file any peremptory challenge within 15 days of that time. The statutory time period triggered by the notice of assignment applies when the existing parties (those who have appeared in the action) receive the notice of the assignment." (*Sunrise Financial*, *supra*, 32 Cal.App.5th at p. 124.) However, the appellate court noted the defendants "largely ignore or minimize the second statutory trigger for the 15-day time period: 'if the party has not yet appeared in the action, *then within 15 days after the appearance*.' (§ 170.6, subd. (a)(2), italics added.)" (*Sunrise Financial*, at p. 124.) The court held the defendants made a general appearance in the San Diego lawsuit when they filed their written opposition and evidentiary objections. (*Id*. at pp. 124-126.) And, because the defendants did not file their peremptory challenge to the San Diego judge within 15 days of making that general appearance, it was not timely filed. (*Id*. at p. 126.)

Unlike in *Sunrise Financial*, the record before us demonstrates petitioner made no appearance in the first lawsuit whatsoever. As indicated, he did not join in the opposition to the city's consolidation motion that Loring and Sherlyn filed in the first lawsuit, and he himself did not file one in either lawsuit. To repeat, the triggering event for the 15 days was the assignment of Judge Apaloo to preside over the second lawsuit for all purposes.

(§ 170.6, subd. (a)(2).) And, as already stated, because petitioner filed his peremptory challenge 14 days after the order consolidating the lawsuits, it was timely.

Nor are we persuaded by the city's assertion that, as early as December 8, 2021, petitioner was on notice that Judge Apaloo might be assigned to preside over the second lawsuit, and it was that notice that triggered the time to file a peremptory challenge. This argument is based on a rather liberal paraphrasing of the following quote from *Sunrise Financial*: "[W]here, as here, an independent calendar judge has already been assigned for all purposes in the existing action, and all parties and potential parties are aware of the identity of the trial judge when a transfer motion is brought, the parties would be on notice that this judge will be presiding over the trial." (*Sunrise Financial*, *supra*, 32 Cal.App.5th at p. 128.) But the very next sentence is crucial: "They are aware that if they intend to challenge this trial judge, they have 15 days to do so *after making an appearance in the judge's department*." (*Ibid*., italics added.) Merely *knowing* the identity of the judge who will preside for all purposes if two lawsuits are consolidated is not enough to trigger the 15 days.

Moreover, the city's argument appears to rest on a very loose conception of the type of notice of an all-purpose assignment that will trigger the 15 days. The courts have expressly rejected the argument that "constructive notice" of an all-purpose assignment will trigger the time to file a peremptory challenge, and they have instead required "actual notice." (*Jones v. Superior Court* (2016) 246 Cal.App.4th 390, 395, 403-404 [rejecting the prosecutor's argument that the 10 days in criminal cases is triggered by "constructive notice" of an all-purpose assignment, and holding "actual notice" is

9

required]; see *Cybermedia, Inc. v. Superior Court* (1999) 72 Cal.App.4th 910, 914 ["general notice" of civil case assignment from court public information office was not sufficient to trigger the 15 days because it "was not addressed to the attorney assigned to petitioners' case" and "[i]t did not reference the case name and full case number"].)

True, once the city filed its motion to consolidate the first and second lawsuits, petitioner might have reasonably anticipated the first lawsuit would be deemed the lead one and that Judge Apaloo, who was already assigned to hear the first lawsuit, would be assigned to hear both. But that result was not necessarily foreordained, and "courts have refused proposed readings of section 170.6 that would require parties and courts to 'guess' about the triggering date for relevant time periods." (*Bontilao v. Superior Court* (2019) 37 Cal.App.5th 980, 998, citing *Jones v. Superior Court*, *supra*, 246 Cal.App.4th at p. 404.)

In sum, the peremptory challenge was timely filed, and Judge Pacheco abused his discretion by denying it as untimely.

C.      *The Five-day Rule Did Not Apply to the Peremptory Challenge.*

Finally, the city argues, in the alternative, that the peremptory challenge was untimely under the five-day rule because as of December 8, 2021, petitioner knew Judge Apaloo—who was not yet assigned to the second lawsuit for all purposes—would hear the motion to consolidate yet he did not file his peremptory challenge at least five days before the hearing. (§ 170.6, subd. (a)(2).) But, as petitioner asserts in his reply, the city's argument fails for the simple reason that the hearing on the city's motion to consolidate did not "involve[] a contested issue of law or fact." (§ 170.6, subd. (a)(1).)

10

"A 'hearing' within the meaning of section 170.6 has been defined as 'a hearing wherein the court is called upon to *rule* upon some disputed issue of law or fact based upon legal argument or evidence or both before the court.'" (*Grant v. Superior Court* (2001) 90 Cal.App.4th 518, 526.) Pretrial conferences and other pretrial motions often do not involve the resolution of disputed issues of law or facts. (See *ibid.* ["Presiding at a case management conference does not involve ruling on contested issues of law or fact."].)

Although Judge Apaloo was required to determine whether the first and second lawsuits "*involv*[*ed*] a common question of law or fact" when deciding whether to consolidate the lawsuits (§ 1048, subd. (a), italics added), neither the city's motion to consolidate nor the opposition to it presented any contested issues of law or fact that had to be *resolved* at that time. At most, the opposition argued consolidation would cause unnecessary delays because the second lawsuit was ready for trial. Therefore, the mere fact that petitioner knew Judge Apaloo would hear the motion, and the mere fact she presided over such a pretrial motion, which did not "involv[e] a determination of contested fact issues relating to the merits" (§ 170.6, subd. (a)(2)), did not preclude petitioner from later seeking to disqualify Judge Apaloo when she granted the motion and was assigned to preside for all purposes over the second lawsuit.[4]

---

[4] The city cites no on-point authority to support its claim that petitioner waived his right to file a peremptory challenge by not opposing the motion to consolidate. We need not address it further.

11

III.

DISPOSITION

The petition for writ of mandate is granted.  Let a writ of mandate issue, directing the superior court to vacate its February 24, 2022 order denying petitioner's peremptory challenge and to enter a new order disqualifying the Honorable Khymberli S.Y. Apaloo. The stay of proceedings issued by this court on March 25, 2022, is hereby lifted.

Petitioner shall recover his costs.  (Cal. Rules of Court, rule 8.493(a)(1)(A).)

Petitioner is directed to prepare and have a writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proofs of service on all parties.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


RAMIREZ
P.J.


RAPHAEL
J.

12